UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRADLEY LIVINGSTON,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>BJ'S WHOLESALE CLUB, INC.  )<br>)<br>Defendant.  )<br>) | CIVIL ACTION<br>NO. 21-40127-TSH |

ORDER ON DEFENDANT'S
MOTION TO DISMISS
September 6, 2022

**HILLMAN, S.J.**

Plaintiff Bradley Livingston, proceeding *pro se*, filed this action on December 14, 2021, against Defendant BJ's Wholesale Club, Inc. alleging various discriminatory employment actions and requesting $78 million in damages and interest. Defendant now moves to dismiss Plaintiff's complaint or, in the Alternative, to Stay Proceedings and Compel Arbitration pursuant to Fed. R. Civ. Pro. 12(b)(6) and 9 U.S.C. §§ 3 and 4. (Docket No. 16). Defendant also asserts that Plaintiff's claim should be dismissed because Plaintiff failed to comply with the requirement that a Title VII of the Civil Rights Act of 1964 ("Title VII") and Americans with Disabilities Act ("ADA") complaint must be filed within 90 days of a plaintiff receiving a notice of right to sue from the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(f)(1).

Plaintiff's *pro se* status "militates in favor of a liberal reading" of his pleading. *See Rodi v. S.New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir.2004). *See also Ahmed v. Rosenblatt*, 118 F.3d

886, 890 (1st Cir.1997) ("The policy behind affording pro se plaintiff's liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled"). However, Plaintiff's pro se status does not absolve him of having to comply with this Court's procedural and substantive law. *Burnham v. Wyeth Labs. Inc.*, 348 F.Supp.3d 109, 111-12 (D.Mass. 2018) (*citing Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997)).

## Background

On or about May 29, 2020, Plaintiff Bradley Livingston dually filed a charge of discrimination with the New York State Division of Human Rights ("NYDHR") and the EEOC against BJ's. Exhibit A, attached (also attached to plaintiff's complaint). The NYDHR issued a Determination and Order of Dismissal on October 8, 2020. Following, on January 7, 2021, the EEOC adopted the NYDHR's findings and issued a Dismissal and Notice of Rights. The EEOC right-to-sue letter explicitly states that for claims under Title VII and the ADA, the plaintiff must file a lawsuit within 90 days of the receipt of the notice. *See Id.* The present Complaint was filed on December 14, 2021, eight months later.[1]

For the reasons stated in Defendants' Memorandum in support of its motion to dismiss and as no opposition to the motion was filed, the motion to dismiss is **granted**. There are no legal claims or factual allegations set forth in Plaintiff's complaint. Plaintiff refers to "documents attached," and attaches copies of emails and company policies. The Plaintiff does not provide a

---

[1] The Defendant also correctly argues that the Plaintiff failed to file this action within 90 days of the Notice of Right to Sue. *See* 42 U.S.C. § 2000e-5(f)(1); *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 119 (1st Cir. 2009). The EEOC issued a Dismissal and Notice of Rights on January 7, 2021. Plaintiff does not indicate the actual date he received the notice in his complaint, so providing Plaintiff every favorable inference, the Court could presume that he received it by January 11, 2021. As such, Plaintiff had 90 days, or until April 11, 2021, to file this action. However, Plaintiff did not file the present action until December 14, 2021, more than eight months later. Absent certain circumstances where equitable tolling would apply that is not at issue here, the ninety-day deadline cannot be extended. *See Rice v. N.E. College*, 676 F.2d 9, 10–11 (1st Cir. 1982). Accordingly, Plaintiff failed to comply with the requirements of Title VII and the ADA, and for this reason as well, his claims are dismissed as a matter of law.

short and plain statement, or set forth any factual allegations or legal claims in his complaint, and because it is impossible to discern from the ninety-four pages of attachments which claims and allegations, if any, he asserts, the Complaint. Because Plaintiff fails to state a claim, the motion to dismiss is **granted** and the Complaint is dismissed (Docket No. 16).

The following Plaintiff's motions are **denied**: Docket No. 12, Docket No. 15, Docket No. 18, Docket No. 19, and Docket No. 24.

**SO ORDERED**.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
UNITED STATES SENIOR DISTRICT JUDGE